NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOYCE A. CAESAR

    Plaintiff,

v.

MEGAMILLION BIGGAME LOTTERY, et. al.,

    Defendants.

Civil Docket No. 05-2986 (FSH)

**OPINION & ORDER**

November 9, 2005

**HOCHBERG, District Judge:**

    This matter comes before the Court upon Plaintiff's application seeking to proceed without prepayment of fees, pursuant to 28 U.S.C. § 1915, and upon her Complaint against Defendants, the Megamillion Biggame Lottery and 74 others, including the former acting Governor of New Jersey Donald DeFanscisco, thirteen Judges, five state-run lottery agencies, eleven high-ranking lottery agency employees, four police departments, the New Jersey Bureau of Housing Inspection and its agents, the Division of Youth and Family Services, and the New Jersey Attorney General's Office, pursuant to 18 U.S.C. §§ 1962 (b), (c) and (d), 28 U.S.C. § 1343, 42 U.S.C. § 1985 (3) and 18 U.S.C. § 1983 for violations of her civil rights.

    Plaintiff alleges that Defendants devised an elaborate racketeering scheme to steal, extort, and defraud her out of all winnings, past and future, from lottery tickets purchased by her and containing her signature. Plaintiff alleges, *inter alia*, that she purchased four winning lottery tickets on which she affixed her signature, but that the tickets were stolen from her by Defendants John

Does in furtherance of Defendants' scheme to defraud Plaintiff of any lottery winnings.[1]

This Court having reviewed the Plaintiff's indigent status and having sua sponte screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) to determine if it is frivolous or fails to state a claim;[2] and

it appearing that several of the named parties in this suit are improper as they are extended statutory immunity;[3] and

it appearing that Plaintiff's Complaint on its face is frivolous in that, giving Plaintiff all reasonable inferences, the Complaint fails to state a claim and raises no federal ground upon which relief may be granted,

**IT IS** on this 9th day of November 2005, hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

---

[1] Plaintiff alleges to have won the Megamillion Lottery Jackpot on three separate occasions for a total winnings of one-hundred thirty eight million dollars and second-prize in a Delaware Powerball drawing winning one hundred thousand dollars.

[2] This Court has discretion to determine the merits of an *in forma pauperis* claim to prevent litigants with no economic incentive from proceeding with frivolous or malicious lawsuits. The Third Circuit has held that a district court may dismiss an *in forma pauperis* claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), if the claim is (1) of little or no weight, value or importance, (2) not worthy of serious attention, or (3) trivial. Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995). The *in forma pauperis* statute allows judges to "pierce the veil of the complaint's factual allegations" and dismiss those claims whose factual contentions are "clearly baseless," such as claims describing fantastic or delusional scenarios, whether or not there are judicially noticeable facts available to contradict them. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

[3] States entities, such as Police Departments, the New Jersey Department of Treasury, the New Jersey and New York Divisions of Lottery, the New Jersey Superior Court, the New Jersey Appellate Division, the Newark Municipal Court, the New Jersey Bureau of Housing and Inspection, the Division of Youth and Family Services, the New Jersey Attorney General's Office, and the New Jersey Office of Public Defender, are all considered arms of the states and are not "persons" subject to suit under § 1983. See Briggs v. Moore, 2005 WL 1076059 (D.N.J. 2005); see also 28 U.S.C. § 1983. Similarly, judges acting in their judicial capacity are absolutely immune from suits under § 1983, unless they act in complete "absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11 (1991).

**ORDERED** that Plaintiff may amend his Complaint by November 23, 2005 to state a valid cause of action; and it is further

**ORDERED** that if Plaintiff does not amend his Complaint by November 23, 2005, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

          /s/ Faith S. Hochberg
          **Hon. Faith S. Hochberg, U.S.D.J.**